O'BRIEN, J.    In Hanover Fire Ins. Co. v. Germania Fire Ins. Co., 63 Hun, 275, 18 N. Y. Supp. 50 (affirmed 138 N. Y. 252, 33 N. E. 1065), it was said:    "It has frequently been determined that, where no sum of money is claimed in the pleadings or allowed to the plaintiff, there is nothing upon which an extra allowance can be based, and the court has no power to grant it."    The statement as to the nature of this action in the affidavit of the defendant's attorney is that it "was brought to obtain some sort of relief in respect to a paper in the form of a general release which had been executed by the plaintiff, including an injunction against its use."    Taking this statement as correct, and with the most favorable view of the nature of the action, it is clear that there was involved therein no proper basis for an allowance.    No subject-matter of money value was involved, and therefore there was no basis upon which to fix an allowance.

We think the order appealed from should be modified by striking out the provision granting the extra allowance, with $10 costs and disbursements of this appeal to the appellant.    All concur.

---

(38 App. Div. 314.)

### CAHILL v. MANHATTAN RY. CO.

(Supreme Court, Appellate Division, First Department.    March 24, 1899.)

POOR PERSON—PROSECUTION OF ACTION.

Under Code Civ. Proc. §§ 458–467, providing that, where an order is made permitting prosecution by plaintiff of an action as a poor person, the court, by order, must assign an attorney, "who must act without compensation," agreement of an attorney with the plaintiff to have an interest in any recovery as compensation bars plaintiff's right to continue the action as a poor person, where such attorney acts under such agreement; and it is immaterial that subsequently, and before the motion to allow plaintiff to continue the action as a poor person, the attorney stipulated to prosecute the action without compensation, the stipulation or its exact terms not appearing, and there being no statement from plaintiff that she has accepted or acted on it, or as to what her understanding or arrangement is as to compensation, or as to whether she is under any obligation to pay to the attorney, or to a third person for him, any compensation.

Appeal from special term, New York county.

Action by Mary Cahill against the Manhattan Railway Company. From an order permitting plaintiff to continue to prosecute the action as a poor person, defendant appeals.    Reversed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, O'BRIEN, and INGRAHAM, JJ.

Joseph H. Adams, for appellant.
Robert H. Ernest, for respondent.

O'BRIEN, J.    The action is to recover damages for personal injuries.    It is admitted that the attorney made an agreement with the plaintiff whereby he had an interest in any recovery as compensation for his services.    Code Civ. Proc. §§ 458–467, provides that, where an order is made permitting prosecution by the plaintiff of the action as a poor person, the court, by order, must assign an at-

torney, "who must act without compensation." The agreement made was therefore fatal to the plaintiff's right to a continuance of the action as a poor person by an attorney acting under such an agreement. The force of this argument, however, is said to be met by a stipulation which the attorney says he made subsequently, and before the motion, but which does not appear in the moving papers, whereby he stipulated that he would prosecute the action without compensation. If such a stipulation has been made, it has not been filed, nor does it appear among the papers, nor are we informed of its exact terms. And, which is equally important, there is no statement from the plaintiff herself that she has accepted or acted upon the force of the stipulation, and no statement as to what her understanding or arrangement is as to compensation, or as to whether she is under any obligation to pay to this attorney, or to any third person for his use and benefit, any money as compensation. The conditions under which an order of this kind may be granted are set forth in Harris v. Insurance Co., 20 Civ. Proc. R. 192, 13 N. Y. Supp. 718.

We think, therefore, that the order should be reversed, with $10 costs and disbursements, and that the motion should be denied, with $10 costs. All concur.