MALKIN v. POSTAL TYPEWRITER CO.

(Supreme Court, Appellate Division, Second Department.   June 3, 1904.)

1. SUIT IN FORMA PAUPERIS—COMPENSATION OF ATTORNEY.
   Where the infant plaintiff and his guardian ad litem understood the attorney originally agreed to prosecute the action without compensation except the statutory costs, to which he is entitled under Code Civ. Proc. § 467, it is no ground of objection to the order authorizing the action in forma pauperis that they did not know he stipulated finally to act "without compensation."

Appeal from Special Term.

Action by Thomas H. Malkin, an infant, by Thomas G. S. Malkin, guardian ad litem, against the Postal Typewriter Company. From an order permitting suit in forma pauperis, defendant appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and BARTLETT, JENKS, WOODWARD, and HOOKER, JJ.

William M. Beard, for appellant.
Adolph Ruger, for respondent.

JENKS, J.   We are of opinion that the papers are sufficient to sustain the order of the Special Term that the plaintiff might sue in forma pauperis. Only one point made justifies discussion. He who was prayed for as attorney filed with the petition a consent that he would act as attorney and counsel for the plaintiff "without compensation except the statutory costs." The Special Term ordered that upon the filing by the attorney nominated, within two days after the entry of the order, of a consent to act as such attorney without compensation, said attorney be appointed to act without compensation, and to make no charge or claim for counsel fees upon the infant plaintiff. Such a consent was thereafter duly filed. It is contended that the order cannot stand, because it does not appear that the prior agreement was ever canceled, or that the plaintiff ever knew or consented to the new stipulation. We are cited to Cahill v. Manhattan R. Co., 38 App. Div. 314, 57 N. Y. Supp. 10. Assuming that, although there

is no express statutory requirement that the court must be satisfied of such knowledge of the plaintiff, and that the decision in Cahill's Case is sound, nevertheless the rule does not apply in this case, for it clearly appears that the infant, a lad 17 years old, and the guardian ad litem, his father, did understand, at least, that the attorney originally had agreed to prosecute the action without compensation except the statutory costs, and that any money recovery was for the benefit of the infant. Indeed, if we adhere to the letter of the guardian's affidavit, it sets forth that the costs as well are for the benefit of the infant; but probably that statement is not in the form intended by the affiant. The only possible ignorance then is that the attorney has stipulated finally that he would act "without compensation," and not "without compensation except the statutory costs." But it does not appear that either counsel has considered section 467 of the Code of Civil Procedure, which reads:

"Where costs are awarded in favor of a person, who had been admitted to prosecute or defend as a poor person, as prescribed in this article, they must be paid over to his attorney, when collected from the adverse party, and distributed among the attorney and counsel assigned to the poor person, as the court directs."

I cannot see, therefore, that either the plaintiff's or the guardian's case is prejudiced by such ignorance, inasmuch as, in any event, the costs recovered are paid to the attorney, and distributed to others than the infant or the guardian.

The order should be affirmed, with $10 costs and disbursements. All concur.